USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1816 UNITED STATES, Appellee, v. ARCHIE M. WHALEN, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Lynch, Circuit Judges. ______________ _____________________ Mark A. Perry, by Appointment of the Court, with whom _______________ Archer, Perry & Jordan, P.A., was on brief for appellant. ____________________________ F. Mark Terison, Assistant United States Attorney, with whom _______________ Jay P. McCloskey, United States Attorney, and James L. McCarthy, _________________ _________________ Assistant United States Attorney, were on brief for appellee. ____________________ April 25, 1996 ____________________ TORRUELLA, Chief Judge. Appellant-defendant Archie M. TORRUELLA, Chief Judge. ___________ Whalen ("appellant" or "Archie Whalen") appeals from a judgment revoking his supervised release. He contends that the district court violated his due process rights in failing to make written findings of the evidence on which it relied, abused its discretion in deciding that his release should be revoked, and erred in not dismissing the government's petition for revocation due to the failure to provide a prompt hearing to determine probable cause to detain him pending hearing on the revocation charge. We affirm the district court decision. I. BACKGROUND I. BACKGROUND Archie Whalen was charged with assaulting his wife, Christina ("Christina Whalen"), by state authorities on June 24, 1995, in Sullivan, Maine. At the time of the incident that gave rise to the assault charge, Archie Whalen was in the midst of a two-year term of supervised released imposed on him by the federal district court in Maine on December 14, 1994. During the resulting revocation hearing before the district court, Christina Whalen testified that her husband inflicted bruises on her left leg when he grabbed her and dragged her up a flight of stairs to their apartment. The district court also heard testimony from Hancock County Patrol Sergeant Patrick Kane ("Sergeant Kane") that he had seen her bruises two days after the incident alleged. However, Sergeant Kane testified that the bruises were on her left shin while his report stated that they were on her right shin. Christina Whalen also testified that she had previously -2- lied regarding Archie Whalen in other proceedings while under oath. There was also evidence to the effect that Christina Whalen had, on a prior occasion, bruised her own legs in a similar manner to get her husband's supervised release revoked. Furthermore, while the district court heard testimony from Archie Whalen denying that he had injured his wife, it also heard from Heidi Clement ("Clement"), a co-worker of Christina Whalen's, to whom he stated that he "was wrong to have hurt her." The district court acknowledged that Christina Whalen "played fast and loose with the truth" and that there was also "a lot of problems with the testimony" of Archie Whalen. Ultimately, however, the court determined that the record established by a preponderance of the evidence that Archie Whalen violated the terms of his supervised release by committing the state crime of assault against his wife. II. DISCUSSION II. DISCUSSION A. The Due Process Argument A. The Due Process Argument Archie Whalen's first argument is that the district court violated his due process rights in failing to make written findings of the evidence on which it relied. He cites Morrissey _________ v. Brewer, 408 U.S. 471 (1972), which states that "the minimum ______ requirements of due process," in the context of a revocation hearing, include "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Id. at ___ 489; see also Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973) ________ ______ ___________ (holding that the Morrissey rule applies equally to probation _________ -3- revocations). Archie Whalen faults as inadequate the district court's statements that it revoked his release term because he committed a state crime by assaulting his wife, and that it found the facts to be as set forth in the Report of Revocation prepared by Whalen's probation officer. Archie Whalen argues that the district court should have stated in writing the evidence upon which it relied in reaching its conclusion. However, he never sought such a written statement directly from the district court. By making this argument for the first time on appeal, Whalen has deprived the district court of the opportunity to consider and rule on the issue, and has thus deprived us of a ruling which we can effectively review. See United States v. Pilgrim Marketing ___ ______________ __________________ Corp., 944 F.2d 14, 21 (1st Cir. 1991); United States v. Curzi, _____ _____________ _____ 867 F.2d 36, 44 (1st Cir. 1989). "If the objection now raised had been formulated below there would have been opportunity for the court to consider it and rule accordingly." Pilgrim _______ Marketing Corp., 944 F.2d at 21. _______________ As a result, we consider appellant's argument under the "plain error" standard. See United States v. Hunnewell, 891 F.2d ___ _____________ _________ 955, 956 (1st Cir. 1989). This standard requires us to ask whether fundamental fairness was undermined, and whether a miscarriage of justice has occurred. See United States v. ___ ______________ McMahon, 938 F.2d 1501, 1510 (1st Cir. 1991). Here we do not _______ find either of these concerns implicated. -4- Moreover, even if Whalen had properly preserved his due process argument for appeal, it would fail on the merits. Virtually every court to have considered the issue has held that "oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey when those findings create a record _________ sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon." United States v. ______________ Copeland, 20 F.3d 412, 414 (11th Cir. 1994) (stating that "[n]o ________ circuit has directly held otherwise," although some courts have stated that United States v. Lacey, 648 F.2d 441, 445 (5th Cir. _____________ _____ 1981), holds that written statements are required notwithstanding the availability of a transcript of the court's findings, "based on a misinterpretation of Lacey"); United States v. Gilbert, 990 _____ _____________ _______ F.2d 916, 917 (6th Cir. 1993); see United States v. Copley, 978 ___ _____________ ______ F.2d 829, 831 (4th Cir. 1992); United States v. Barth, 899 F.2d _____________ _____ 199, 201-02 (2d Cir. 1990); United States v. Yancey, 827 F.2d 83, _____________ ______ 89 (7th Cir. 1987), cert. denied, 485 U.S. 967 (1988). The _____________ transcript of the district court's ruling stated that it was persuaded by a preponderance of the evidence that the defendant did in fact on or about June 24, intentionally, knowingly, and recklessly cause injury or offensive physical [contact] to Christina Whalen in violation of the Maine state law. And so I am going to make that finding of a violation of the supervised release provisions. Furthermore, the district judge stated on the record that he had reviewed all of the exhibits introduced at the -5- revocation hearing. He framed the dispositive issue as one of weighing the credibility of Christina against Archie Whalen, and acknowledged that both witnesses had problems in that regard. The court concluded that the government had proved by a preponderance of the evidence that Whalen had assaulted his wife, in violation of state law, and hence in violation of the conditions of his supervised release. Additionally, in a separate written Memorandum of Sentencing Judgment, the district court expressly stated, as to its factual findings: "I find the facts as set out in the Report of Revocation [prepared by the probation officer]." That report in turn set forth fully the factual allegations concerning the alleged assault. The Memorandum also reiterates the district court's conclusions that "the defendant violated the special condition of supervised release that he not commit any new crimes" and that the government had met its burden of proving that the defendant had assaulted Christina Whalen. In the circumstances, the district court provided "fair notice to the defendant of the reasons for the revocation . . . [and] an adequate record from which to build an appeal." Morrissey, 408 U.S. at 490. There was no violation _________ of Whalen's due process rights. B. Merits of the Revocation Decision B. Merits of the Revocation Decision We briefly review the burden of proof and standard of review attending a supervised release revocation proceeding and appeal therefrom. At the district court level, the government has the burden of proving by a preponderance of the evidence that -6- at least one of the conditions of the defendant's supervised release was violated. United States v. Portalla, 985 F.2d 621, _____________ ________ 622 (1st Cir. 1993). Then, if the district court finds that a violation occurred, it has discretion to revoke or modify the defendant's supervised release (except for a violation involving firearms or controlled substance offenses, in which case revocation is mandatory). See 18 U.S.C. 3583(e), (g). On ___ appeal, the district court's decision to revoke supervised release based on its finding of a violation is reviewed only for abuse of discretion. United States v. Morin, 889 F.2d 328, 331 _____________ _____ (1st Cir. 1989) (revocation decision "will not be reversed absent a clear showing of an abuse of discretion"); see also United _________ ______ States v. Gallo, 20 F.3d 7, 13 (1st Cir. 1994). And, as in other ______ _____ contexts where a district court has discretion to take certain action based on its findings of fact, the court's subsidiary factfinding as to whether or not a violation occurred is reviewed for clear error. Cf. United States v. Winter, 70 F.3d 655, 659 ___ _____________ ______ (1st Cir. 1995) (district court's contempt order reviewed for abuse of discretion, underlying factual findings for clear error); United States v. Mart nez-Molina, 64 F.3d 719, 732 (1st _____________ _______________ Cir. 1995) (trial court's denial of motion to withdraw plea reviewed for abuse of discretion, subsidiary findings of fact for clear error). Whalen argues that the district court abused its discretion in revoking his supervised release, and that it clearly erred in relying on Christina Whalen's testimony -- which -7- the court itself characterized as problematic -- to find that Whalen violated the conditions of his release. Whatever the problems associated with Christina Whalen's testimony, we reject appellant's argument that the district court erred in crediting it over the testimony of Archie Whalen. It is within a factfinder's discretion to credit portions of a witness' testimony even though it finds other portions dubious. See ___ Wytrwal v. Saco School Bd., 70 F.3d 165, 171 (1st Cir. 1995) _______ ________________ (upholding a district court's decision to credit only certain portions of a witness' testimony, despite finding that other portions were fabrications); NLRB v. Izzi, 395 F.2d 241, 243 (1st ____ ____ Cir. 1968). Such credibility determinations are within the unique role of the factfinder, see Flanders & Medeiros, Inc. v. ___ __________________________ Begosian, 65 F.3d 198, 204 n.4 (1st Cir. 1995), and we are loath ________ to upset, particularly in a domestic violence situation, the district court's findings regarding credibility, based on a cold record, see, e.g., United States v. Bartelho, 71 F.3d 436, 440 ___ ____ _____________ ________ (taking into account, in reviewing finding of probable cause, the particularities of domestic abuse situations in justifying discounting of alleged victim's denials of abuse); United States _____________ v. Henry, 48 F.3d 1282, 1284-85 (same). See generally Alana _____ ______________ Bowman, A Matter of Justice: Overcoming Juror Bias in _______________________________________________________ Prosecutions of Batterers Through Expert Witness Testimony of the _________________________________________________________________ Common Experiences of Battered Women, 2 S. Cal. Rev. L. & Women's ____________________________________ Stud. 219, 245 (1992) (noting that "minimizing" and "denying the violence" are "very common behavioral patterns among battered -8- women"). Taking these factors into account, in addition to the corroboration of Christina Whalen's statements by other witnesses, we conclude that the district court did not clearly err in finding that Archie Whalen assaulted Christina Whalen as alleged by the government, and that the court did not abuse its discretion in revoking Whalen's supervised release. -9- C. The Probable Cause Argument C. The Probable Cause Argument Appellant also contends that the district court erred by failing to hold a probable cause hearing pursuant to Federal Rule of Criminal Procedure 32.1 (providing, in relevant part, that a person held in custody for an alleged violation of supervised release conditions is entitled to a "prompt hearing" to determine probable cause to detain the person for a revocation hearing, and "[i]f probable cause is found not to exist, the proceeding shall be dismissed"). His argument is unavailing. Whalen was arrested by federal authorities on June 30, 1995. The government then promptly moved for his detention, pending a hearing on the revocation matter. Whalen appeared before a federal magistrate judge on July 5, 1995. The sole issue before the magistrate judge was whether Whalen should be detained. At this preliminary hearing, the government offered the testimony of Whalen's federal probation officer, who described the alleged assault on Christina Whalen and testified as to information he had obtained through interviews with Christina Whalen, her former husband, her friend Heidi Clement, and another friend. The probation officer was cross-examined by Whalen's attorney. Based on the testimony and information presented, the magistrate judge ordered Whalen detained. To the extent that the hearing before the magistrate judge was not sufficient to satisfy Rule 32.1,1 Whalen should be  ____________________ 1 A Rule 32.1 hearing may be held before a magistrate judge, if the district court provides the magistrate judge with authority to do so. See Fed. R. Crim. P. 32.1(a); United States v. ___ ______________ -10- deemed to have waived his rights to any additional hearing on the specific question of probable cause. The magistrate judge specifically stated on the record that the only issue before him on July 5 was whether Whalen should be detained pending the revocation hearing. Whalen made no objection and did not request a separate determination of probable cause at any time before the revocation hearing itself. In these circumstances, we find that Whalen waived any right to a hearing designated specifically for the purpose of assessing probable cause. Furthermore, even ignoring the waiver, Whalen has made no showing that he suffered any cognizable prejudice from the lack of a probable cause hearing specifically designated as such. Cf. United States v. ___ ______________ Wickham, 618 F.2d 1307 (9th Cir. 1979) (for defendant to succeed _______ in making a "promptness" challenge to a revocation proceeding, he must show that "the delay . . . prejudicially affected the [defendant's] ability to contest revocation"). The district court did not err in refusing to dismiss the revocation petition. III. CONCLUSION III. CONCLUSION Although we realize that district judges are overworked and pressed for time, we urge as much detail as possible in their rulings revoking supervised release, consistent with the dictates of Morrissey. In this case, however, we find that Whalen's due _________ process rights were not violated, that the district court did not abuse its discretion in revoking Whalen's supervised release, and that there was no cognizable violation of Fed. R. Crim. P. 32.1.  ____________________ Williams, 919 F.2d 266, 270 (5th Cir. 1990). ________ -11- As a result of the foregoing, the judgment of the district court is affirmed. affirmed ________ -12-