[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1796

UNITED STATES,

Appellee,

v.

MICHAEL A. CASCIANO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

---

Howard M. Cooper, David H. Rich and Todd & Weld LLP on brief for appellant.
Donald K. Stern, United States Attorney, and Jennifer Hay Zacks, Assistant U.S. Attorney, on Motion for Summary Disposition.

---

July 10, 2001

---

**Per Curiam**. Michael A. Casciano appeals from the district court's order revoking his supervised release and imposing a sentence of 12 months' imprisonment, followed by two years' supervised release.  Casciano contends on appeal that the district court clearly erred in determining that the witnesses who testified against him at his revocation hearing were credible when they stated that Casciano threatened them.  The government has filed a Motion for Summary Disposition, pursuant to Loc. R. 27(c).

This court reviews the district court's decision to revoke supervised release for abuse of discretion, while the underlying finding that Casciano violated a term of supervised release is reviewed for clear error.  See e.g., United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996). The government has the burden of proving by a preponderance of the evidence that at least one of the conditions of the defendant's supervised release was violated. United States v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993).

"Credibility determinations by the trier of fact are accorded special deference," United States v. Bouthot, 878 F.2d 1506, 1514 n. 8 (1st Cir. 1989), particularly

because only the trial court can judge a witness's demeanor or tone of voice, see United States v. Carty, 993 F.2d 1005, 1009 (1st Cir. 1993) (citing Anderson v. Bessemer City, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985)). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir. 1997). Moreover, on appeal of a revocation of supervised release, we consider the evidence in the light most favorable to the government. See Portalla, 985 F.2d at 622.

Upon a careful review of the record, we cannot hold clearly erroneous the district court's decision to credit Watson's and Riopelle's testimony that Casciano threatened them. The inconsistencies complained of by Casciano on appeal are merely variations in degree of detail the witnesses gave to the various police officers who questioned them. Both witnesses testified that they gave explicit detail about the incident when asked to elaborate by authorities. Both witnesses consistently reported that Casciano had threatened them using obscenities.

Accordingly, we conclude that the district court did not clearly err in finding that Casciano had made a

criminal threat, resulting in a violation of a condition of supervised release, and did not abuse its discretion in deciding to revoke supervised release.

The Government's Motion for Summary Disposition is <u>granted</u>. Casciano's sentence is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).