UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CLINT R. LAWSON,
*Defendant-Appellant.*

No. 03-4577

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, Chief District Judge.
(CR-95-72)

Submitted: November 24, 2003

Decided: December 23, 2003

Before WIDENER and WILKINSON, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William D. Turner, III, CRANDALL, PYLES, HAVILAND & TUR-
NER, L.L.P., Lewisburg, West Virginia, for Appellant. Kasey War-
ner, United States Attorney, Ronald G. Morgan, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Clint R. Lawson appeals the district court's order revoking his supervised release upon the finding that Lawson violated a term of that release. We affirm.

Lawson's probation officer petitioned the court to revoke Lawson's release because Lawson had inappropriate sexual contact with a minor female. The victim, who was thirteen at the time of the hearing, testified that Lawson had improper sexual contact with her on two occasions in the summer of 2002. The first incident involved Lawson's touching her breast and buttocks through her clothing. In the second incident, Lawson was in a car when he saw the victim and her friend walking on a street. The friend continued walking, but the victim approached the car. Lawson grabbed her hand and pulled it into the car. She attempted to pull her hand away, but Lawson pulled it back into the car, unzipped his pants, and placed her hand on his penis.

The court took judicial notice that Lawson's actions, if proven, would violate W. Va. Code Ann. § 61-8B-9 (Michie 2000). One of the general conditions of Lawson's supervised release was that he not violate any federal, state, or local law.

A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (2000). We review for clear error factual determinations informing the conclusion that a violation occurred. *See United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003). In this regard, it is exclusively the district court's role to evaluate witness credibility and to resolve any conflicts in testimony. *See United States v. Whalen*, 82 F.3d 528, 531 (5th Cir. 1996). We review the ultimate decision to revoke supervised release for abuse of discretion. *See United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995).

On appeal, Lawson essentially contends that the district court incorrectly credited the testimony of the victim, her friend, and a school counselor—an expert in counseling minor victims of sexual abuse—over his testimony and that of several persons who testified on his behalf. However, the court gave sound reasons for making its credibility determination, and the court stated why it found largely irrelevant certain inconsistencies in the victim's statements. The court observed that the victim and her friend appeared credible. Further, the victim had been unwavering in her description of sexual component of the two encounters mentioned above, and the court noted the counselor's testimony that minors who are victims of sexual abuse seldom waver in describing the specifics of the physical contact. Further, the counselor testified that minors rarely lie about being victims of sexual abuse. We conclude that the district court did not clearly err in finding that Lawson had inappropriate sexual contact with the victim.

By violating supervised release, Lawson was subject to having his release term revoked. *See* 18 U.S.C. § 3583(e)(3) (2000). The district court did not abuse its discretion in revoking supervised release. We therefore affirm the district court's decision. We deny as moot the motion to expedite consideration of the appeal and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*