**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4186**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARY ELLEN PALLO,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.   Louise W. Flanagan,
District Judge.  (CR-04-7)

———————————

Submitted:  August 25, 2004          Decided:  September 14, 2004

———————————

Before WIDENER, SHEDD, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Frank D. Whitney, United States Attorney, Christine
Witcover Dean, Anne M. Hayes, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mary Ellen Pallo appeals from the district court's order revoking her supervised release and sentencing her to four months imprisonment. On appeal, she contends that the court abused its discretion when it revoked her release. We affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2004). We review factual determinations informing the conclusion that a violation occurred for clear error. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996) (finding district court's credibility determinations concerning evidence presented at a supervised release revocation hearing not reviewable on appeal).

Here, the court found Pallo's testimony that her violations of supervised release were caused by miscommunications to be not credible. In addition, although Pallo provided excuses for failing to meet her financial and reporting requirements, it is undisputed that she did not comply with the conditions of her supervised release. Thus, we find that a preponderance of the evidence supported the district court's findings. The district

court was, therefore, statutorily authorized to revoke supervised release and impose a prison term.  18 U.S.C.A. § 3583(e)(3).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED