**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4370**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAURICE ALEXANDER WILLIAMSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (1:05-cr-00136-NCT)

_____

Submitted:  November 30, 2006        Decided:  January 16, 2007

_____

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Alexander Williamson appeals the district court's order revoking his supervised release and imposing a twelve-month term of imprisonment.  On appeal Williamson argues that there was insufficient evidence to support the district court's determination that he had violated a term of his supervised release, that his sentence was unreasonable, and that the district court judge erred in failing to recuse himself from the proceedings after a Government witness allegedly died in chambers.  Finding no error, we affirm.

While on supervised release, Williamson entered an Alford[*] plea to misdemeanor breaking and entering charges on August 8, 2005, in Rockingham County, North Carolina Superior Court, which served as the basis for the revocation proceeding. Williamson contends that there was insufficient evidence to support the district court's conclusion that he violated his terms of supervision by breaking and entering.  At the revocation hearing, he contended, through counsel, that, although he admitted to the conviction, he was not the person involved in the breaking and entering for which he was convicted.  He argues that he only entered an Alford plea so that he would not be charged as a habitual  felon.

---

[*]North Carolina v. Alford, 400 U.S. 25 (1970).

- 2 -

This court reviews a district court's revocation of supervised release for abuse of discretion. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of discretion occurs when the court fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2000). Factual determinations informing the conclusion that a violation occurred are reviewed for clear error. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996). We conclude that there was sufficient evidence, including the testimony of the responding police officer and Williamson's probation officer, to support the court's conclusion that Williamson was the person who committed the breaking and entering offense, upon which the supervised release violation was based.

Next, Williamson suggests that the sentence imposed by the district court after revoking his supervised release was unduly harsh. Williamson does not assert any error in the district court's application of the guidelines in determining the advisory sentencing range. In United States v. Crudup, this court held that "revocation sentences should be reviewed to determine whether they

are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences." 461 F.3d 433, 437 (4th Cir. 2006). Applying the analysis articulated in <u>Crudup</u>, we find that Williamson's sentence for violating supervised release is not unreasonable, much less plainly unreasonable.

As correctly noted by the district court, the advisory guideline range for Williamson's violation was eight to fourteen months for a Grade C violation with an original criminal history category of VI. USSG § 7B1.4(a). Williamson's prior conviction for mailing threatening communications was a Class C felony, so the statutory maximum sentence on revocation of supervised release imposed for that offense was twenty-four months. 18 U.S.C. §§ 876, 3559(a)(3), 3583(e) (2000). Williamson's twelve-month sentence was thus within the statutory maximum. Moreover, the district court sufficiently articulated its sentencing deliberations to demonstrate that it did not abuse its discretion in selecting the term of imprisonment.

Finally, Williamson alleges that the district court judge should have recused himself from the proceedings after witnessing the death of a Government witness, Bronchia Bethal, in chambers. Because Williamson did not raise this issue below it is reviewed for plain error. <u>United States v. Maxwell</u>, 285 F.3d 336, 339 (4th Cir. 2002).

A judge must recuse himself or herself where the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice either against the affiant or in favor of an adverse party, 28 U.S.C. § 144 (2000), or where his or her impartiality might reasonably be questioned. 28 U.S.C. § 455 (2000). However, because Williamson cannot show any evidence that the district court blamed him for the witness's death or otherwise held an extra-judicial bias, the court properly rejected the argument in the instant case. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required [to make fair judgment impossible] . . . when no extrajudicial source is involved." (citation omitted)); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984) ("[a]lleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). Therefore, the district court judge did not err in failing to recuse himself from Williamson's revocation proceedings.

Accordingly, we affirm the district court's order revoking Williamson's supervised release and imposing a twelve-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED