**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5224

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD LEE KELLEY, JR., a/k/a John Doe, a/k/a
Richard Arturo Roundtree, a/k/a Richard
Kelley, a/k/a Richard Middleton,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Robert E. Payne, District
Judge. (3:05-cr-00097-REP)

Submitted: May 4, 2007          Decided: May 29, 2007

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Carolyn V.
Grady, Assistant Federal Public Defender, Sapna Mirchandani,
Research and Writing Attorney, Richmond, Virginia, for Appellant.
Chuck Rosenberg, United States Attorney, William H. Malloy, III,
Special Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A probation officer alleged Richard Kelley violated the terms of his supervised release[1] by leaving the assigned jurisdiction area without permission and abducting and assaulting the mother of Kelley's daughter. The alleged victim and Kelley both testified at the supervised release revocation hearing, as did Kelley's purported sister-in-law,[2] who testified Kelley was at her residence on the date of the incident, and the girlfriend of Kelley's brother, who testified the victim indicated she was "jumped" by "a group of girls." Although the district court remarked the victim's testimony contained inconsistencies when compared to her previous statements to police, the court found the victim's testimony was more credible than the accounts claiming Kelley was not involved in her assault. Finding by a preponderance of the evidence that Kelley violated the terms of supervised release, the court sentenced Kelley to two years' imprisonment[3]

---

[1]For his underlying offense, Kelley pled guilty to making false statements in an application for a passport, in violation of 18 U.S.C. § 1542 (2000), and a federal district court sentenced Kelley to eighteen months' imprisonment and three years' supervised release.

[2]The witness was not in fact Kelley's sister-in-law, even though Kelley and the witness both represented to the probation officer that she was. Instead, her husband's father assisted in raising Kelley, though Kelley was not blood-related to the witness' husband's father and Kelley did not have this individual listed as a relative in his presentence report.

[3]On appeal, Kelley does not contend the sentence is plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th

with no further supervised release, and Kelley appealed.  Finding no error, we affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion.  United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).  Factual determinations informing the conclusion that a violation occurred are reviewed for clear error.  United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).  The district court need only find a violation of a condition of supervised release by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3)(2000).

On appeal, Kelley assails the district court's credibility determination and characterizes the victim's testimony as inherently incredible.  However, we decline to second-guess the factfinder's credibility determinations.  See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); see also United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996) (finding district court's credibility determinations concerning evidence presented at supervised release revocation hearing not reviewable on appeal).  Thus, we do not disturb the district court's credibility determinations on appeal.

Kelley also contends the victim's testimony cannot serve as the basis for finding Kelley violated his supervised release because the testimony was uncorroborated.  The uncorroborated

Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007).

testimony of one witness may be sufficient to sustain a conviction. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Furthermore, after thoroughly reviewing the evidence and testimony before the district court, we find the district court's factual findings were not clearly erroneous. We conclude the Government proved Kelley's violation by a preponderance of the evidence and the district court did not abuse its discretion in revoking Kelley's supervised release.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED