UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4271

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARY ELIZABETH BELLAMY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (2:02-cr-00138)

Submitted:  June 22, 2007          Decided:  July 13, 2007

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Gretchen L. Taylor, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Alan M. Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Elizabeth Bellamy pled guilty to health care fraud, in violation of 18 U.S.C. § 1347 (2000), and was sentenced to thirteen months of imprisonment and three years of supervised release. The district court revoked her supervised release based upon her failure to provide copies of her bank statements, as directed by the probation officer, and her failure to file complete and truthful monthly reports. The district court sentenced her to one day of imprisonment to be followed by thirty-five months and twenty-nine days of supervised release. Bellamy appeals, and we affirm.

Bellamy first contends that the district court erred by revoking her supervised release. We review the district court's revocation of supervised release for an abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2007). This court reviews for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

Our review of the record convinces us that, even if the district court erred by concluding that Bellamy failed to report a joint bank account with her daughter, revocation of her supervised

release was nevertheless proper.  The probation officer instructed Bellamy to file copies of her bank statements when she filed her monthly reports, which she failed to do.  Although Bellamy testified at the revocation hearing that she had computer problems, sent the probation officer a note informing him of the problems, and assumed from the probation officer's silence that she did not have to continue to file her bank statements, the district court rejected her testimony.  See United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996) (finding district court's credibility determinations concerning evidence presented at a supervised release revocation hearing not reviewable on appeal).  We therefore find that the district court did not abuse its discretion in revoking her supervised release based upon her failure to submit her bank statements, as directed by the probation officer.

Next, Bellamy asserts that her sentence is plainly unreasonable because the imposition of an additional term of supervised release is unduly harsh.  This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable.  United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006) (discussing standard), cert. denied, 127 S. Ct. 1813 (2007).  We find that the district court did not err in imposing a new term of supervised release.  See Johnson v. United States, 529 U.S. 694, 713 (2000) (holding that § 3583(e)(3)

- 3 -

authorizes district court to impose period of supervised release following reimprisonment after revocation of supervised release). The new term of supervised release did "not exceed the term of supervised release authorized by statute for the [original] offense . . . , less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C.A. § 3583(h) (West 2000 & Supp. 2007). Thus, the sentence is not plainly unreasonable.

Finally, Bellamy contends that she has been improperly prohibited, as a special condition of supervised release, from furnishing paid or volunteer services to the disabled or to any other discrete group. Because Bellamy did not object to the imposition of this special condition in the district court, our review is for plain error. See United States v. Alvarez, 478 F.3d 864, 866 (8th Cir. 2007) (providing standard of review); see also United States v. Olano, 507 U.S. 725, 732-36 (1993) (discussing standard). Although a sentencing court must impose various statutorily required conditions of release, see 18 U.S.C.A. § 3583(d) (West 2000 & Supp. 2007), it also enjoys substantial latitude to "impose any other condition it considers to be appropriate, as long as that condition is 'reasonably related' to statutory factors referred to in § 3583(d)(1)." United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003) (quoting § 3583(d)(1)). Such factors include "the nature and circumstances of the offense

and the history and characteristics of the defendant." 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2007). Additionally, a special condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve its intended purpose. 18 U.S.C.A. § 3583(d)(2). We have reviewed the record on appeal in light of these standards and conclude that Bellamy has failed to demonstrate that the district court plainly erred in imposing this special condition of supervised release. See United States v. Carlson, 406 F.3d 529, 532 (8th Cir. 2005) (upholding special condition prohibiting work in medical field where defendant was employed as orthopedic physician's assistant and was convicted of health care fraud because he fraudulently obtained prescription medications).

Accordingly, we affirm the district court's revocation order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED