**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4744

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KAWONE KAREEM WALKER, a/k/a Fish,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:96-cr-00053-NKM)

Submitted: December 19, 2007          Decided: January 29, 2008

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Frederick T. Heblich, Jr., Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kawone Kareem Walker appeals the district court's order revoking his supervised release. On appeal, Walker challenges the district court's revocation order, asserting that the failure to provide witnesses to the alleged criminal acts on which the revocation was based violated his Fifth and Sixth Amendment rights and Fed. R. Crim. P. 32.1. We affirm.

In 1997, Walker pled guilty to conspiracy to distribute cocaine base. He was sentenced to 121 months of imprisonment and five years of supervised release. On January 31, 2007, he was arrested by the New York City Police Department and charged with criminal sale of a controlled substance and criminal possession of a controlled substance, both Class B felonies, and criminal possession of a controlled substance, a Class A misdemeanor, for selling crack to an undercover police officer and dropping five bags of crack during his flight from the scene.

When this arrest was brought to the attention of the district court, the court ordered issuance of a warrant. At a hearing, the supervised release violation report was entered into evidence, and the probation officer testified. The probation officer confirmed that he had advised the court that Walker was arrested on charges of possession and distribution of crack cocaine. Walker made no objection to the absence of any other adverse witnesses. He testified and admitted that the New York

- 2 -

charges were pending, but he denied that he had possessed any drugs and asserted his innocence of the charges.  Walker's sister and his girlfriend also testified in his behalf.

Based on this evidence, the district court found Walker's version of the arrest not credible.  The district court found that Walker committed a Grade A violation, revoked his supervised release, and sentenced him to thirty months imprisonment, to be followed by twenty-four months of supervised release.

This court reviews the district court's revocation of supervised release for abuse of discretion.  United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999).  The district court need only find a violation of a condition of supervised release by a preponderance of the evidence.  18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2007).  We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996).

Walker asserts that he was denied the right to confront the witnesses against him, citing the Fifth and Sixth Amendments and Fed. R. Crim. P. 32.1.  Because Walker did not raise these claims before the district court, we review them for plain error. See United States v. Smith, 452 F.3d 323, 331 (4th Cir.) (citing United States v. Olano, 507 U.S. 725, 732-36 (1993)), cert. denied, 127 S. Ct. 694 (2006).

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Sixth Amendment's Confrontation Clause does not permit the introduction of out-of-court testimonial evidence unless the witness is unavailable and the defendant has had a prior opportunity for cross-examination. Id. at 68. Walker asserts that, under this ruling, he was entitled to be confronted at the supervised release hearing with the witnesses against him. He contends that the rule of Crawford applies to supervised release revocation hearings because, unlike parole and probation revocation, this is a new prosecution that ends in a new punishment. But see Johnson v. United States, 529 U.S. 694, 700-01 (2000) (penalties imposed upon revocation of supervised release are attributable to the original conviction, not a punishment for a new offense).

The Crawford holding does not apply to supervised release revocations because they are not "criminal prosecutions" under the Sixth Amendment. See United States v. Kelley, 446 F.3d 688, 691-92 (7th Cir. 2006); United States v. Rondeau, 430 F.3d 44, 47-48 (1st Cir. 2005); United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005); United States v. Kirby, 418 F.3d 621, 627 (6th Cir. 2005); United States v. Martin, 382 F.3d 840, 844 n.4 (8th Cir. 2004). Further, Walker has not established that the district court committed plain error under the Fifth Amendment Due Process Clause, see Hall, 419 F.3d at 986, or under Fed. R. Crim. P. 32.1(b)(2)(C).

Because Walker did not raise the issue below, he did not provide the district court with an opportunity to assess his right to question any adverse witness or to determine that "the interest of justice does not require the witness to appear." Rule 32.1(b)(2)(C).

Accordingly, we find that the district court did not abuse its discretion in revoking Walker's supervised release. We affirm the district court's revocation of supervised release and the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED