**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 08-4396**

―――――――――

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHARLES EDWARD HOOPER,

          Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Thomas E. Johnston, District Judge.  (5:03-cr-00149-1)

―――――――――

Submitted:  November 25, 2008    Decided:  December 22, 2008

―――――――――

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Edward Hooper appeals the district court's order revoking his supervised release and imposing an eighteen-month term of imprisonment. Specifically, he argues there was insufficient evidence to support the district court's finding that he made his home available for drug distribution. He contends the attendant eighteen-month sentence is accordingly unreasonable. Finding no error, we affirm.

This court reviews a district court's revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2006). Factual determinations informing the conclusion that a violation occurred are reviewed for clear error. See United States v. Carothers, 337 F.3d 1017, 1018 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996). We conclude that there was sufficient evidence to support the revocation of supervised release.

We further find Hooper's sentence reasonable. This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied,

2

127 S. Ct. 1813 (2007).  Hooper's eighteen-month sentence was within the advisory policy statement range of twelve to eighteen months and was well below the statutory maximum of two years. See 18 U.S.C. § 3583(e)(3).  Furthermore, the district court considered the 18 U.S.C. § 3553(a) (2006) factors in sentencing Hooper, noting Hooper's medical and mental health history, his minimal criminal history, his involvement in drug activity similar to conduct leading to his prior conviction, and his lack of success with drug treatment.  Applying the analysis articulated in Crudup, we find Hooper's sentence for violating the conditions of his supervised release is not unreasonable, much less plainly unreasonable.

Accordingly, we affirm the district court's order revoking Hooper's supervised release and imposing an eighteen-month sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED