**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4676**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH N. GIBSON, III, a/k/a KG,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.   (5:03-cr-00154-1)

Submitted:  December 23, 2008      Decided:  January 27, 2009

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Miller A. Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth N. Gibson, III, appeals the district court's judgment revoking his supervised release and sentencing him to fourteen months' imprisonment. Gibson claims the evidence was insufficient to show that he violated the terms of supervised release. We affirm.

This court reviews a district court's revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of discretion occurs when the court fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2006). Factual determinations informing the conclusion that a violation occurred are reviewed for clear error. See United States v. Carothers, 337 F.3d 1017, 1018 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996).

Under the preponderance of the evidence standard, the relevant facts must be shown to be more likely true than not. See United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004). There is clear error if the court, after reviewing the record, is left with "the definite and firm conviction that a mistake

has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1984) (internal quotation marks and citation omitted). It is not enough for the court to believe it would have decided the case differently. Id.

We find the evidence was more than sufficient to support the district court's findings. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED