**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-5115**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JAMES HINTON FAIRLEY,

                    Defendant – Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:06-cr-00180-FDW-1)

—————————

Submitted:  August 16, 2010      Decided:  September 9, 2010

—————————

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Claire J. Rauscher, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Hinton Fairley appeals his six-month sentence following the revocation of his supervised release. Fairley's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she examines the reasonableness of Fairley's sentence, and concludes that there are no meritorious issues for appeal. Fairley was informed of his right to file a pro se supplemental brief, but has not done so. The Government has given written notice that it will not file a brief.

While counsel does not address the issue in her Anders brief, a brief examination of Fairley's revocation hearing is in order. This Court reviews a district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). A district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

The district court need only find a violation of a condition of supervised release by a preponderance of the evidence, 18 U.S.C.A. § 3583(e)(3) (West 2006 & Supp. 2008), and this Court reviews for clear error the district court's factual determinations informing its conclusion that a violation occurred. See United States v. Carothers, 337 F.3d 1017, 1018

2

(8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996).  Moreover, given the "flexible, informal nature of the revocation hearing . . . the full panoply of procedural safeguards associated with a criminal trial," such as Federal Rule of Criminal Procedure 11, are not required.  See Black v. Romano, 471 U.S. 606, 613 (1985).

Fairley admitted using cocaine and marijuana on a regular basis, missing at least twelve scheduled drug tests and making only four restitution payments in two years' time, all in violation of the conditions of his supervised release. Moreover, Fairley does not contest the factual basis for his supervised release violations on appeal.  Accordingly, we find that the district court did not abuse its discretion in revoking Fairley's supervised release.

As for Fairley's sentence, this court will affirm a sentence imposed following revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable.  United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006).  Fairley's six-month sentence is in the middle of the advisory policy statement range of three to nine months' imprisonment, see USSG § 7B1.4(a), and is below the statutory maximum of two years of imprisonment.   See 18 U.S.C.A. § 3583(e)(3).  Although Fairley requested a "time-served" or bottom-of-the-guidelines sentence based on the fact that he has

3

AIDS and a host of other physical ailments, the district court was well within its discretion to impose a different sentence.

It is clear from the record that the district court considered the factors of 18 U.S.C. § 3553(a) (2006). See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (court need not "robotically tick through § 3553(a)'s every subsection."). In particular, the district court focused heavily on the rehabilitative nature of a mid-guideline sentence in helping Fairley to overcome his drug addiction in denying Fairley's request for a lighter sentence. Applying Crudup to this case, we find that Fairley's sentence is not unreasonable, much less plainly so.

We have examined the entire record in accordance with the requirements of Anders and have found no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Fairley, in writing, of the right to petition the Supreme Court of the United States for further review. If Fairley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fairley. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED