**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4122**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KEVIN COREY MCRAE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00226-WO-1)

Submitted:  September 20, 2013          Decided:  October 3, 2013

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Corey McRae appeals from the revocation of his supervised release and his resulting twenty-four-month sentence. On appeal, counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief, averring that there are no meritorious issues for appeal but questioning whether there was sufficient evidence to support the finding that McRae committed a crime while on supervised release. Neither McRae nor the Government has filed a brief. We affirm.

On appeal, McRae asserts that the Government did not satisfy its burden of proof with regard to the charged supervised release violation of committing another crime. Specifically, the district court determined that McRae possessed a substantial amount of cocaine while on supervised release. McRae argues that an informant's hearsay evidence that McRae would be possessing cocaine was not credible given that the informant was his girlfriend. Further, he contends that the "only evidence" presented regarding the identification of the substance found on him was Officer Wenzel's conclusory response to a leading question.

The district court need only find a violation of a condition of supervised release by a preponderance of the evidence, see 18 U.S.C. § 3583(e)(3) (2006), and this court reviews for clear error the district court's factual

2

determinations informing its conclusion that a violation occurred. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996). When reviewing the district court's factual determinations under the preponderance of the evidence standard, the relevant facts must be shown more likely to be true than not. See United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004).

We conclude that the district court did not abuse its discretion in finding, by a preponderance of the evidence, that McRae violated the condition of supervised release that prohibited him from committing any additional crimes. Taken in the light most favorable to the Government, United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010), the Government proffered ample evidence to satisfy its burden of proof. Officer Wenzel's testimony established that McCrae possessed the substance in question, and Officer Ognosky's field test indicated that the substance was in fact cocaine. Moreover, the manner in which the substance was secreted on McRae's body suggested its illicit nature. Finally, the two officers testified that they recognized the substance to be cocaine. This evidence was more than sufficient to establish the illegality of McRae's conduct by a preponderance of the

3

evidence.[*]  See United States v. Copley, 978 F.2d 829, 830-31 (4th Cir. 1992) (holding that testimony regarding marijuana plants found at defendant's home—which he shared with others—and defendant's proximity to those plants was sufficient to establish violation of defendant's supervised release).

Pursuant to Anders, we have reviewed the entire record for reversible error and have found no meritorious issues for appeal.  This court requires that counsel inform McRae in writing of his right to petition the Supreme Court of the United States for further review.  If McRae requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McRae.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] While the district court also considered, to a certain degree, the corroborated hearsay testimony that McRae was buying cocaine and manufacturing crack, any error in that regard was merely harmless as the remaining evidence was clearly sufficient without considering the truth of the informant's allegations. See United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (standard of review for improper evidentiary rulings).

4