# United States Court of Appeals
## For the First Circuit

No. 17-1555

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN CARLOS BODON-LESPIER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Boudin, Circuit Judges.

Eric Alexander Vos, Federal Public Defender, Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, and Andrew S. McCutcheon, Assistant Federal Public Defender, on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

December 18, 2018

**BOUDIN, Circuit Judge**. Juan Carlos Bodon-Lespier ("Bodon") appeals from the district court's order revoking his supervised release. In 2009, Bodon was sentenced to a 78-month term of imprisonment for a drug offense, 21 U.S.C. §§ 841(a)(1), 846, 860--later reduced to 63 months, 18 U.S.C. § 3582(c)(2)--and an eight-year period of supervised release, 18 U.S.C. § 3583(a); 21 U.S.C. § 860(a).

In April 2016, while on supervised release, Bodon was arrested for possessing with intent to distribute marijuana and cocaine, in violation of Puerto Rico law, P.R. Laws Ann. tit. 24, § 2401(a)(1). The terms of his supervised release conditions forbade him from possessing controlled substances or committing a federal, state or local crime. If such possession were proved in federal court by a preponderance of the evidence, as determined by the judge, Bodon's term of supervised release could be revoked, 18 U.S.C. § 3583(e)(3).

The district judge held a two-day hearing at which both the government and Bodon called and cross-examined witnesses. After weighing and evaluating the credibility of the witnesses, a task within the province of the district judge in a revocation proceeding, United States v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993), the district court found by a preponderance of the evidence that the defendant unlawfully possessed and distributed a

controlled substance and revoked Bodon's supervised release. Bodon now appeals.

Nominally the standard of review when evaluating a district judge's decision to revoke a term of supervised release is for abuse of discretion, United States v. Wright, 812 F.3d 27, 30 (1st Cir. 2016), but in certain contexts the phrase "abuse of discretion" is "perhaps more misleading than helpful," United States v. Bater, 594 F.3d 51, 54 & n.1 (1st Cir. 2010). In the first instance the district court asks whether a violation of supervised release conditions has been shown by a preponderance of the evidence, 18 U.S.C. § 3583(e)(3); United States v. Whalen, 82 F.3d 528, 531-32 (1st Cir. 1996); if appealed, that factual finding is reviewed for clear error, id.; see also United States v. Ramos-González, 775 F.3d 483, 490 n.5 (1st Cir. 2015).

Construing the evidence in the light most favorable to the government, Wright, 812 F.3d at 29, this revocation case is a clear affirmance. Police learned from an anonymous tip that Bodon was selling drugs outside of a residence in Ponce, Puerto Rico. Two detectives responded; one had previously arrested Bodon in 2007 for firearms violations. The officers saw Bodon holding a black backpack and later saw him hand a plastic bag they believed to be marijuana to a man who had recently gotten out of a parked car.

The officers called for backup and arrested Bodon, who attempted to flee by climbing onto a balcony, and also arrested another man, one Martínez, who appeared also to be involved in the transaction. Martínez claimed that the backpack Bodon had been seen carrying belonged to him. The backpack contained cocaine, marijuana, cash, and a digital weight scale.

As the finder of fact the district judge has "broad legal power to determine witness credibility." Portalla, 985 F.2d at 622. Here, the district judge considered the witnesses and other evidence offered by the defense--one witness was Bodon's wife--and found them unpersuasive. Martínez claimed to own the backpack but the court appeared to accept the officers' testimony that Bodon was seen holding the drugs and making the transfer to a customer.

Bodon's counsel questioned the anonymous tip and faulted the officers for not following internal department procedures (requiring that they keep detailed records of anonymous tips on designated official forms), but the judge reasonably accepted the officers' testimony. That Bodon attempted to flee and was caught with the drugs lends further weight to the officers' description of the drug transaction.

Finally, Bodon says that the district court violated his due process rights. A revocation is less draped in due process than a criminal trial, United States v. Tapia-Escalera, 356 F.3d 181, 184 (1st Cir. 2004), but Bodon had ample opportunity to cross-

- 4 -

examine government witnesses.  Bodon says that testimony from two defense witnesses was improperly excluded, but it was considered in the form of a proffer and found irrelevant or cumulative.

**<u>Affirmed</u>**.