**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4902**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

   v.

WILLIAM HENRY REID, JR., a/k/a Hamza Jameel Saddiq,

      Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (7:97-cr-00748-HMH-1)

Submitted: April 16, 2009       Decided: May 18, 2009

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Henry Reid, Jr., appeals from the district court's judgment revoking his supervised release and imposing a twenty-four-month prison term. On appeal, Reid's counsel has filed an Anders[*] brief, stating that there are no meritorious issues for appeal, but questioning the decision to revoke Reid's supervised release and the appropriateness of the sentence imposed. Although informed of his right to do so, Reid has not filed a pro se supplemental brief. After a thorough review of the record, we affirm.

After considering the applicable 18 U.S.C. § 3553(a) (2006) factors, a district court may revoke a term of supervised release upon finding by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3) (2006). Appellate courts review the decision to revoke supervised release for an abuse of discretion and the factual findings and credibility determinations for clear error. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

Here, the district court did not clearly err in finding, by a preponderance of the evidence, that Reid used and trafficked in illegal drugs. Although Reid denied that the

_____

[*] Anders v. California, 386 U.S. 738 (1967).

drugs found in his home belonged to him, he fled from police officers, tested positive for drugs, and was found with digital scales on his person. Thus, given the contrary evidence, it was not clearly erroneous for the district court to reject Reid's testimony. Accordingly, the district court did not abuse its discretion in finding that Reid violated a condition of his supervised release.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assesses the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If we conclude that a sentence is not unreasonable, we will affirm the sentence. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) factors that it is permitted to consider in a

3

supervised release revocation case.  See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 440.  Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum.  Crudup, 461 F.3d at 440.  A sentence is plainly unreasonable if it is clearly or obviously unreasonable.  Id. at 439.

Because the district court failed to provide any explanation for why it imposed a twenty-four-month sentence or what sentencing factors it considered, the sentence is at least arguably both substantively and procedurally unreasonable. However, we easily conclude that Reid's sentence was not "plainly unreasonable" because the sentence was within the recommended Guidelines range and (due to the maximum statutory sentence) was well below the originally calculated Guidelines range.  Moreover, the district court essentially found that Reid committed perjury at his revocation hearing, and the record does not contain any basis on which to conclude that the imposed sentence is clearly or obviously unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

4

further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
