**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4781**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

JOSEPH DAVID BOWDEN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Jr.,
District Judge.  (1:99-cr-317-1)

Submitted:  June 29, 2009          Decided:  July 13, 2009

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North
Carolina, for Appellant.  Frank Joseph Chut, Jr., Angela Hewlett
Miller, Assistant United States Attorneys, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Bowden appeals from the district court's judgment revoking his supervised release and imposing a ten-month sentence. On appeal, Bowden's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but questioning the decision to revoke Bowden's supervised release and the reasonableness of the sentence imposed. Although informed of his right to do so, Bowden has not filed a pro se supplemental brief. After a thorough review of the record, we affirm.

We review the district court's revocation of supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996). After reviewing the record, we find the district court did not abuse its discretion in determining by a preponderance of the evidence that Bowden violated the terms of his supervised release.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory

2

range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first assesses the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If we conclude that a sentence is not unreasonable, we will affirm the sentence. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 440. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id. at 439.

While the district court mentioned the § 3553(a) factors and noted Bowden's previous criminal history of credit card fraud and his continuing violations of the terms of his probation/release, it did not provide any further explanation for why it imposed a ten-month sentence or what sentencing factors it considered. Thus, the sentence is at least arguably both substantively and procedurally unreasonable. However, we easily conclude that Bowden's sentence was not "plainly unreasonable" because the sentence was within the recommended policy statement range and under the statutory maximum. Moreover, the record does not contain any basis on which to conclude that the imposed sentence is clearly or obviously unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bowden, in writing, of his right to petition the Supreme Court of the United States for further review. If Bowden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bowden. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED