# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-1303

_____

United States of America,            *

                                  *

           Appellee,            *

                                  *    Appeal from the United States

      v.                         *    District Court for the

                                  *    Western District of Missouri.

Linda D. Carothers,              *

                                  *           [PUBLISHED]

          Appellant.          *

                                  *

_____

Submitted: June 11, 2003

Filed: July 30, 2003

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

Linda Carothers was sentenced to time served and three years of supervised release after pleading guilty to use of interstate commerce facilities in the commission of murder for hire. One condition of her release was that she "not commit any other federal, state or local crime." After serving approximately 14 months of supervised release, Carothers was charged with second-degree assault, a Class C felony in

Missouri.  After a hearing, the district court[1] revoked Carothers' supervised release and sentenced her to 24 months in prison.  Carothers appeals, arguing that the district court abused its discretion in revoking her supervised release because the government failed to prove by a preponderance of the evidence that she violated a condition of her supervised release.

If the government proves by a preponderance of the evidence that a defendant violated a condition of supervised release, unrelated to firearms or controlled substances, the district court has discretion to revoke supervised release.  See 18 U.S.C. § 3583(e)(3), (g) (2000) ("The [district] court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . .").  "On appeal, the district court's decision to revoke supervised release based on its finding of a violation is reviewed only for abuse of discretion."  United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996) (cited in United States v. Reeves, No. 96-2905, 1997 WL 215381, at **1 (8th Cir. May 1, 1997) (unpublished)).  "And, as in other contexts where a district court has discretion to take certain action based on its findings of fact, the court's subsidiary factfinding as to whether or not a violation occurred is reviewed for clear error."  Id.

After an alleged "road rage" incident on December 18, 2002, Carothers was arrested and charged in Callaway County, Missouri, with second-degree assault.  Under Missouri law, "[a] person commits the crime of assault in the second degree if he . . . [a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument."  Mo. Ann. Stat. § 565.060(2) (West 1999).  A car can be a "dangerous instrument depending upon the

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

circumstances under which it is used." State v. Dunn, 852 S.W.2d 157, 158 (Mo. Ct. App. 1993) (internal marks omitted). At Carothers' probation revocation hearing, the alleged victim testified that Carothers rammed into the rear of his vehicle three times at a speed of 55-70 miles per hour after he passed her on the highway during rush hour. Carothers admitted to being present during the incident, but testified that the alleged victim pulled in front of her and slammed on his brakes, causing her to hit him accidentally. No other witnesses to the incident testified at the revocation hearing. The district court found that Carothers had violated a condition of her supervised release – not to commit another federal, state, or local crime – and sentenced her to a term of 24 months in prison with directions to attend a Bureau of Prisons anger management course.

Carothers asserts that the district court abused its discretion in revoking her supervised release. Specifically, she argues that the only evidence presented – "he said, she said" testimony – was insufficient to prove that she attempted to injure the alleged victim with her vehicle. In revoking her supervised release, the district court implicitly found that the alleged victim's testimony was credible and that Carothers' was not credible. Because credibility determinations are "virtually unreviewable on appeal," United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002), the district court's conclusion that Carothers committed the assault was not clearly erroneous. Furthermore, upon finding that Carothers violated an express term of her supervised release, the district court did not abuse its discretion in ordering revocation. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.