**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4572

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANELL LEWIS, a/k/a Darnell Woodson, a/k/a
"D",

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Charles H. Haden II, District Judge. (CR-98-161)

Submitted: January 29, 2004          Decided:  February 9, 2004

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Finding that Danell Lewis violated the terms of his supervised release, the district court revoked his supervised release and sentenced him to twenty-three months' imprisonment and a thirteen-month term of supervised release. Lewis' counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the sentence. Although informed of his right to do so, Lewis has not filed a pro se supplemental brief. We affirm.

We review an order imposing a sentence after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). Lewis first challenges the court's determination that he possessed cocaine base with intent to distribute, thereby violating a condition of his supervised release.[*] The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (2000); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). We review for clear error factual determinations informing the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). We conclude that the district court did not

[*]Lewis does not contest the court's determination that he violated other conditions of his supervised release, as alleged in the probation officer's "Petition for Warrant or Summons for Offender Under Supervision," filed on April 1, 2003.

- 2 -

abuse its discretion in revoking Lewis' supervised release based on the uncontradicted testimony of witnesses at the revocation hearing regarding Lewis' possession of cocaine base with the intent to distribute it.

Lewis also asserts that his twenty-three-month sentence is excessive and that the district court should have sentenced him in accordance with the policy statements set forth in U.S. Sentencing Guidelines Manual § 7B1.4 (2002). Chapter Seven of the U.S. Sentencing Guidelines Manual sets forth policy statements offering recommended sentencing ranges for revocation of probation and supervised release. Chapter Seven is advisory and non-binding. Davis, 53 F.3d at 642. However, the Court should consider the policy statements before imposing sentence. Id. If the Court has considered the relevant factors and the applicable policy statements, the Court has the discretion to impose a sentence outside the ranges set forth in the Guidelines. Id. Because the district court was presented with and explicitly considered the suggested sentencing range of USSG § 7B1.4, and Lewis' sentence does not exceed the statutory maximum under 18 U.S.C. § 3583 (2000), we find no error in Lewis' sentence.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Lewis' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of

the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED
