# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2646

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Lillie B. Epps, also known | * | |
| as L. L., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 9, 2004

Filed: February 12, 2004

_____

Before RILEY and RICHARD S. ARNOLD, Circuit Judges, and HOVLAND,[1] District Judge.

_____

PER CURIAM.

Lillie Epps (Epps) appeals the district court's[2] revocation of her supervised release from a drug conspiracy conviction, resulting in the imposition of a six-month

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

prison term followed by a four-year term of supervised release. On appeal, Epps argues the court's revocation of her supervised release was unreasonable.

When a district court imposes a revocation sentence within the statutory limits of 18 U.S.C. § 3583(e), we will not reverse the sentence absent an abuse of discretion. See 18 U.S.C. § 3583(e)(3) ("The [district] court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release."); United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) ("On appeal, the district court's decision to revoke supervised release based on its finding of a violation is reviewed only for abuse of discretion.") (citations omitted).

After carefully reviewing the record, we conclude the district court did not abuse its discretion. Epps's sentence is within the statutory maximum allowed for revocation. See 18 U.S.C. § 3583(e)(3). Moreover, Epps's violations of the terms of her supervised release, which included (1) testing positive for cocaine on one occasion, and (2) missing eight substance abuse counseling sessions, and being out of her residence without the permission of her probation officer, between January and April 2003, provide ample support for the district court's sentence.

Accordingly, we affirm Epps's sentence. See 8th Cir. R. 47B.

_____