**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4053**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY WAYNE MASSEY, JR., a/k/a J. J. Massey,
a/k/a Jerry Wayne Massey, a/k/a Jerry Wayne
Mossey,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District
Judge.  (CR-96-1022)

Submitted:  June 8, 2005          Decided:  July 11, 2005

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Elizabeth Jean Howard, OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jerry Wayne Massey, Jr. appeals a district court judgment revoking his supervised release and sentencing him to 37 months' imprisonment. On appeal, Massey's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming there are no meritorious issues on appeal, but raising the question of whether the district court abused its discretion by sentencing Massey to 37 months' imprisonment. Massey filed a pro se supplemental brief raising several issues with respect to the sufficiency of the evidence and the effectiveness of counsel. Finding no error, we affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2004). Factual determinations are reviewed for clear error. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). We find the evidence was more than sufficient to support the court's decision to revoke supervised release. With respect to Massey's sentence, it did not exceed the statutory maximum and was plainly reasonable. 18 U.S.C. § 3742(a)(4) (2000).

With respect to Massey's claim of ineffective assistance of counsel, we have held that claims of ineffective assistance should be raised in a 28 U.S.C. § 2255 (2000) motion in the district court rather than on appeal, unless the record conclusively shows ineffective assistance. <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively show Massey's counsel was ineffective, the claim is not reviewable. We have reviewed Massey's remaining claims and find them without merit.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Massey's judgment. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>