**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5210**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD V. NAPIER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (CR-03-245)

Submitted: October 25, 2006          Decided: December 1, 2006

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellant Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard V. Napier was charged with violating several conditions of supervised release, including the condition that he not possess any form of child pornography. Napier denied the charges. Following a hearing, the district court concluded that Napier had violated release as charged. The court revoked Napier's release and imposed a sentence of twenty-four months. Napier appeals. We affirm.

Napier first contends that the district court erred by finding by a preponderance of the evidence, see 18 U.S.C. § 3583(e)(3) (2000), that he possessed child pornography. Napier complains that the Government failed to present at the hearing any of the images that Napier allegedly possessed on a computer. However, witnesses who worked at a computer repair store testified that Napier, using an alias, took the computer to the store to be serviced. The witnesses testified in detail about some of the images that they viewed on Napier's computer. The images were of girls--some as young as five or six--engaged in a variety of sexual acts. The district court's determination that the evidence at the hearing supported a finding that Napier possessed child pornography is not clearly erroneous. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (stating standard of review for factual finding under § 3583(e)(3)).

Napier also contends that his sentence is unreasonable. We note that, while the sentence was substantially above the advisory guideline range of four-ten months, see U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2000), it was within the applicable statutory maximum of two years. See 18 U.S.C. § 3583(e)(3). Additionally, the court considered permissible 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) factors when imposing sentence. See 18 U.S.C. § 3583(e)(3). Further, while the district court recognized the advisory guideline range, the court sufficiently explained its reasons for imposing a significantly longer sentence. The court noted Napier's possession of a substantial amount of child pornography, his use of an alias when he took his computer to be serviced, his failure to recognize that he had a significant problem, his being a danger to others, including children, and his not having benefitted from prior treatment. We conclude that the sentence imposed upon revocation of supervised release was not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED