**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4078**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM LEE CANTERBURY,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, District Judge.  (5:03-cr-00056-1)

---

Submitted:  July 18, 2008      Decided:  September 4, 2008

---

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Miller A. Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lee Canterbury appeals the district court's judgment revoking his supervised release and sentencing him to eleven months' imprisonment, a sentence at the top of the applicable range based on the non-binding federal sentencing guidelines policy statement. Canterbury contends that there was insufficient evidence to find that he had violated the terms of his supervised release by committing assault and battery in violation of W. Va. Code Ann. § 61-2-9 (Michie 2005) and that the sentence imposed was unreasonable.

A decision to revoke a defendant's supervised release is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2008). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

Canterbury argues that the evidence was insufficient to find by a preponderance of the evidence that he committed assault and battery because the witnesses whose testimony supported such a finding were not credible. However, this court gives due regard to the district court's opportunity to judge the credibility of witnesses and does not review credibility determinations. United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995). Accordingly,

we find no abuse of discretion in the revocation of Canterbury's supervised release.

Next, Canterbury argues that the sentence imposed is unreasonable. We will affirm a sentence imposed following revocation of supervised release if it is within the applicable statutory limits and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). The sentence first must be assessed for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, ___ F.3d ___, ___, 2008 WL 2574457, at *5 (4th Cir. June 30, 2008) (No. 07-4690) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall[v. United States, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'"). If we find the sentence to be reasonable, we affirm. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is plainly unreasonable." Id.; see Finley, ___ F.3d at ___, 2008 WL 2574457, at *5. Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2008), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up

to the statutory maximum." <u>Crudup</u>, 461 F.3d at 439 (internal quotation marks and citations omitted).

We have thoroughly reviewed Canterbury's sentence and find it to be procedurally and substantively reasonable. Based on this conclusion, "it necessarily follows that [Canterbury's] sentence is not plainly unreasonable." <u>Gall</u>, 128 S. Ct at 597; <u>see</u> <u>Finley</u>, ___ F.3d at ___, 2008 WL 2574457, at *9.

Accordingly, we affirm the district court's judgment revoking Canterbury's supervised release and imposing an eleven-month prison term. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>