**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4919**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MONROE KENNY THOMAS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  William B. Traxler, Jr.,
Circuit Judge, sitting by designation.  (7:01-cr-00517-GRA-1)

Submitted:  January 26, 2009        Decided:  February 17, 2009

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin  T.  Stepp,  Assistant  Federal  Public  Defender,
Greenville,  South  Carolina,  for  Appellant.   David  Calhoun
Stephens,  Assistant  United  States  Attorney,  Greenville,  South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monroe Kenny Thomas pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344 (2000), and was sentenced in December 2003 to time served and five years of supervised release. In August 2008, the district court revoked Thomas' supervised release and sentenced him to eight months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in revoking Thomas' supervised release and sentencing him to eight months' imprisonment. Thomas was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

We review for abuse of discretion the district court's revocation of supervised release. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2006 & Supp. 2008). We review for clear error the factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). In this case, Thomas admitted to violating the terms of his supervised release by twice engaging in misdemeanor

2

criminal conduct while on supervision. Accordingly, we find that the district court did not abuse its discretion in revoking Thomas' supervised release.

Counsel also questions whether the district court abused its discretion in sentencing Thomas to eight months' imprisonment. A sentence imposed after revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). Thomas' eight-month sentence is within the advisory policy statement range of eight to fourteen months and is below the statutory maximum of three years of imprisonment. See 18 U.S.C.A. § 3583(e)(3).

During the revocation hearing, the district court had available for its consideration the Probation Officer's violation report. The court heard argument from Thomas, his counsel, and the Government. Although the court did not specifically reference 18 U.S.C. § 3553(a) (2006) in announcing its sentence, it is evident from the record that the court considered Thomas' history and characteristics, the level of seriousness of his violations, and the need to promote respect for the law. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (the district court need not explicitly address each § 3553(a) factor). Accordingly, applying the analysis

3

articulated in <u>Crudup</u>, 461 F.3d at 438-39, we conclude that Thomas' sentence for violating the conditions of his supervised release is not unreasonable, much less plainly so.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment revoking Thomas' supervised release and imposing an eight-month prison term. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>