**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4658**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN TERRANCE COLES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:03-cr-00346-REP-1)

Submitted: April 8, 2009            Decided: April 29, 2009

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Terrance Coles appeals the district court's order revoking his supervised release and sentencing him to twenty-seven months' imprisonment on finding that Coles embezzled money from his employer in violation of the terms of his supervised release. On appeal, Coles argues that the district court erred in finding that he had embezzled money and that his sentence is therefore plainly unreasonable. We affirm.

After considering the applicable 18 U.S.C. § 3553(a) (2006) factors, a district court may revoke a term of supervised release on finding by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3) (2006). We review the district court's factual determinations for clear error. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

Here, the district court did not err in finding, by a preponderance of the evidence, that Coles embezzled money from his employer, Carlton Jackson, thereby violating a condition of his supervised release. The evidence was uncontroverted that Coles directed that a commission payment of approximately $6,700 owed to his employer be sent instead to him. Indeed, he admitted doing so, and agreed, but failed, to return the money.

The Government also introduced evidence that Coles arranged to receive another approximately $16,000 in commissions

2

meant for loan officers at Jackson's branch office. Though Coles's counsel argued that Coles was entitled to the money as commissions for loans he had originated, this contention is without factual support. As the district court did not commit clear error in accepting as credible the testimony of the Government's witnesses, and the evidence submitted before the district court established that Coles embezzled approximately $23,000 owed to Jackson or other individuals employed by Jackson, the district court did not err in finding that Coles violated a condition of his supervised release.

Coles also challenges his sentence. We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). This court first assesses the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If we conclude a sentence is not unreasonable, we will affirm it. Id. at 439. It is only if we find a sentence procedurally or substantively unreasonable that we must "decide whether the sentence is

*plainly* unreasonable." Id.; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008).

Although the district court must consider the Chapter 7 policy statements of the United States Sentencing Guidelines Manual and the requirements of 18 U.S.C. § 3583(e) (2006), "the [district] court ultimately has broad discretion to revoke [the] previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted). Though a sentencing court must provide sufficient explanation of the sentence to allow effective review of its reasonableness on appeal, the court need not "'robotically tick through § 3553(a)'s every subsection.'" United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (probation revocation) (quoting United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006)).

We find that Coles's sentence is not plainly unreasonable. The district court sentenced Coles to twenty-seven months' imprisonment, the maximum allowable under the statute. 18 U.S.C. § 3583(e)(3). A review of the record makes it clear that the court adequately considered the applicable § 3553(a) factors. First, the court stated that the "sentence is warranted by virtue of the nature of [Coles's] original offense," and commented on the negligible deterrent effect of Coles's prior sentences. The court also cited the need to

4

protect the public from Coles's future offenses. As the district court sentenced Coles to the statutory maximum sentence, and adequately justified its sentence, Coles's sentence is not unreasonable, much less plainly so.

Accordingly, we affirm the judgment of the district court. We deny Coles's motion to file a pro se supplemental brief. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court, and further argument would not aid the decisional process.

AFFIRMED