# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2654

_____

United States of America,

                Appellee,

      v.

Frank M. Butts,

                Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: March 8, 2010
Filed: March 15, 2010

_____

Before BYE, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Frank M. Butts appeals the district court's[1] revocation of his supervised release and the imposition of a nine month term of incarceration. Butts contends the district court abused its discretion in revoking supervised release; he also contends the nine month sentence is unreasonable. We affirm.

Upon the commencement of his supervised release term in July 2006, Butts was required to make monthly payments of $1,000 on a $750,000 restitution obligation

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

stemming from his conviction for Medicaid fraud.[2] In January 2009, the government filed a petition to revoke supervised release because Butts was only paying $100 per month. During the course of the revocation proceedings, Butts agreed to be deposed and to produce documents relative to his financial affairs which revealed he had monthly income of over $13,000. After a revocation hearing held on July 9, 2009, the district court found Butts willfully violated the terms of his supervised release and sentenced him to nine months in prison followed by two years of supervised release.

We find no clear error in the factual findings which support the revocation and no abuse of discretion in the decision to revoke supervised release. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (setting forth the standard of review). We reject the claim the district court abused its discretion by not crediting Butts's allegation that the probation office improperly interfered with his ability to work. We also reject the claim that Butts's due process and Sixth Amendment rights were violated when the district court considered a violation memorandum as evidence at the revocation hearing. See United States v. Martin, 382 F.3d 840, 844 n.4 (8th Cir. 2004) (holding that Crawford v. Washington, 541 U.S. 36 (2004) does not apply to revocation hearings). Finally, we reject the claim that the nine month sentence is unreasonable because Butts will not be able to collect social security disability benefits and income during his incarceration. Butts knew he risked additional incarceration by failing to pay restitution in the amount ordered. The loss of social security income is a direct consequence of Butts's decision to ignore the terms of his supervised release; this fact does not make Butts's sentence unreasonable.

Accordingly, we affirm the judgment of the district court.

_____

[2]The amount of restitution was initially $750,000. Butts paid $190,000 of that amount at the time of his original sentencing.