**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5089**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ROGER EUGENE ANDERSON,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:96-cr-00059-TDS-1)

———————

Submitted: October 29, 2010      Decided: November 17, 2010

———————

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Eugene Anderson appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment and thirty-eight months' supervised release based on the finding that he violated the conditions of his release when he used cocaine. Anderson argues the evidence was insufficient to show that he used cocaine. Finding no error, we affirm.

This court reviews a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); Id. This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We review factual findings and credibility determinations for clear error. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). In determining whether the evidence in the record is substantial, this court views the

2

evidence in the light most favorable to the Government.  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

We conclude that the district court's factual finding that Anderson used cocaine in violation of a condition of his supervised release was not clearly erroneous.  Accordingly, we affirm the court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED