**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4922**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

MICHAEL BURNS,

                Defendant – Appellant.

───────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Irene C. Berger,
District Judge. (5:03-cr-00030-1)

───────────

Submitted: March 15, 2011           Decided: April 11, 2011

───────────

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
OFFICE OF THE FEDERAL PUBLIC DEFENDER, Lex A. Coleman, Assistant
Federal Public Defender, Charleston, West Virginia, for
Appellant.  R. Booth Goodwin, II, United States Attorney,
Monica K. Schwartz, Assistant United States Attorney, Beckley,
West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Burns appeals the district court's order revoking his supervised release and imposing a twenty-four-month term of imprisonment. We affirm.

Burns first claims that the district court erred when it found that he had violated a term of release as charged. We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir 1992). To revoke supervised release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2010). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual findings underlying the conclusion that a violation of supervised release occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). Credibility determinations made by the district court at revocation hearings are rarely reviewable on appeal. United States v. Cates, 613 F.3d 856, (6th Cir. 2010); United States v. Oquendo-Rivera, 586 F.3d 63, 67 (1st Cir. 2009); Carothers, 337 F.3d at 1019.

In light of the discovery, during execution of a search warrant, of a significant quantity of marijuana at Burns' residence, the testimony of a state police officer, and the credibility determination in favor of a witness who testified that he had purchased marijuana from Burns at his residence, we conclude that the district court did not abuse its discretion in finding that Burns violated supervised release as charged.

Burns also claims that the district court erred when it denied his motion to continue the revocation proceeding. He sought the continuance so that he could produce a witness, Bowles' uncle, to counter Bowles' testimony that the uncle and Burns had dealt in marijuana at the home of Bowles' grandmother. The district court stated that even if the uncle testified as expected, the testimony would not alter its conclusion that Burns had violated release as charged. We find no abuse of discretion in the district court's decision. See United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007) (stating standard of review.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3