**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5004**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JAMES TYLER ALLEN,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:01-cr-00263-JAB-4)

Submitted: June 30, 2011          Decided: July 5, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Tyler Allen was convicted of conspiracy to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a), 846 (2006). Allen was sentenced to seventy-eight months in prison, followed by a five-year term of supervised release. While on supervised release, Allen violated two conditions of his supervised release. The district court revoked Allen's supervised release term and sentenced him to thirty-six months in prison. On appeal, Allen contends that the district court erred in revoking his term of supervised release because the only evidence supporting the revocation was a law enforcement officer's hearsay testimony identifying Allen as having sold on several occasions a controlled substance to a confidential informant. We affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006); Johnson v. United States, 529 U.S. 694, 700 (2000). The factual determinations informing the district court's conclusion that a violation occurred are reviewed for clear error. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). A district court's evidentiary

2

rulings are reviewed for abuse of discretion and harmless error. United States v. Johnson, 587 F.3d 625, 637 (4th Cir.), cert. denied, 130 S. Ct. 2128 (2010).

A defendant at a supervised release hearing is afforded a limited right "to confront and cross-examine adverse witnesses." Morissey v. Brewer, 408 U.S. 471, 489 (1972). The defendant must, pursuant to Federal Rule of Criminal Procedure 32.1(b), have the opportunity at a revocation hearing "to question any adverse witness, unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). Under this rule, "the court should apply a balancing test at the hearing itself when considering the releasee's asserted right to cross-examine witnesses" and should "balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it." Fed. R. Crim. P. 32.1 advisory committee's note (2002).

Here, the district court admitted over Allen's objection hearsay evidence concerning a confidential informant's and a law enforcement official's observations during controlled purchases of narcotics, and their identification of Allen as the person who sold the drugs. In doing so, the district court failed to assess, under Rule 32.1(b)(2)(C), whether the admission of the evidence was in the interest of justice.

3

However, our review of the record convinces us that admission of the hearsay evidence for purposes of assessing whether Allen committed the charged violations was harmless. The district court had ample grounds for revoking Allen's supervised release, including Allen's admissions during the execution of a search warrant at his residence, which substantially corroborated the hearsay testimony concerning Allen's identification and drug dealing efforts. Thus, we find no reversible error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED