**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4642**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DEVON FAUCETT, a/k/a D,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:07-cr-00153-1)

Submitted:  December 20, 2011     Decided:  December 22, 2011

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, William B. King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devon Faucett was convicted of violating the terms of his supervised release and was sentenced to twelve months' imprisonment. On appeal, Faucett argues there was insufficient evidence to support a finding that he violated his supervised release by constructively possessing marijuana with the intent to distribute, and that his sentence is plainly unreasonable as a result. We affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2011). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual findings underlying the conclusion that a violation of supervised release occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). Our review of the record leads us to conclude that the district court neither clearly erred in finding that Faucett possessed marijuana with the intent to distribute, nor abused its discretion in revoking Faucett's supervised release.

Faucett also challenges his twelve-month sentence on the sole ground that the district court improperly calculated his policy statement range based on a Grade A violation, because the court's finding that he possesses marijuana with the intent to distribute was clearly erroneous. As discussed above, this claim is without merit. We therefore affirm Faucett's sentence. See United States v. Crudup, 461 F.3d 433, 439–40 (4th Cir. 2006) (stating a sentence imposed following revocation of supervised release will be affirmed if it is within the applicable statutory maximum and not plainly unreasonable).

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED