**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4849**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

COREY NATHAN WALTERS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:03-cr-00044-JAB-1)

---

Submitted: March 9, 2012        Decided: April 11, 2012

---

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis Carr Allen III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Eagles Rand, United States Attorney, Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Nathan Walters was convicted of violating the terms of his supervised release and was sentenced to twelve months in prison. On appeal, Walters questions whether the evidence supported a finding that he committed a Grade A violation of the terms of his release and whether the sentence is plainly unreasonable. We affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir 1992). To revoke release, the district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West Supp. 2011). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). We review for clear error factual findings underlying the conclusion that a violation of supervised release occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

On May 6, 2011, a petition was filed alleging that Walters violated the terms of his supervised release by testing positive for cocaine on five occasions, and on March 22, 2011, by being arrested and charged in North Carolina with possession with intent to manufacture, sell, and/or deliver a Schedule II

2

controlled substance, by being convicted in North Carolina of misdemeanor possession of marijuana on January 20, 2011, and by being arrested in North Carolina for a misdemeanor harassing phone call.

Walters argues that the district court erred in finding that he had committed a Grade A violation based on his arrest for possession with intent to manufacture, sell, and or/deliver a Schedule II controlled substance, seventeen oxycodone hydrochloride pills. The Government counters that it was not plain or clear error to find that Walters possessed oxycodone hydrochloride with intent to distribute it, and that, even if the court erred in making this finding, Walters' undisputed positive drug tests for cocaine proved possession of cocaine, which, it contends, is also a Grade A violation.

Walters admitted the violations at the revocation hearing, with the exception of the violation concerning the October 29, 2010 arrest for possession with intent to distribute seventeen oxycodone hydrochloride pills. The Government argues on appeal that Walters did not object to the district court's finding that he had committed a Grade A violation and therefore the claim should be reviewed for plain error. However, as the district court recognized, Walters specifically objected to the ruling on the Grade A violation. Therefore we review the district court's decision for an abuse of discretion.

3

After thoroughly reviewing the record, we conclude that the district court's finding that, more likely than not, the seventeen oxycodone hydrochloride pills were possessed with the intent to distribute and not simply for personal consumption, is not clearly erroneous. Accordingly, we conclude that the district court did not abuse its discretion in finding a Grade A violation and sentencing based on that provision.

As to Walters' sentence, we hold the sentencing court considered Walters' sentencing arguments that his life may be endangered in prison and his stated need for intensive drug therapy, and that the twelve-month sentence was not plainly unreasonable. See United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED