**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4291**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRAIG WAYNE SINGLETON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge. (1:06-cr-00089-IMK-3)

_____

Submitted:  November 19, 2013        Decided:  December 9, 2013

_____

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Kristen Leddy, Research and Writing Specialist, L. Richard Walker, Senior Litigator, FEDERAL PUBLIC DEFENDER OFFICE, Clarksburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2007, Craig Wayne Singleton pleaded guilty to distribution of cocaine base within 1000 feet of a protected location, in violation of 21 U.S.C. § 860 (2012). The district court ultimately imposed a sentence of forty-one months' imprisonment, followed by six years of supervised release. In 2010, Singleton was released from incarceration. In March 2013, his probation officer filed a petition for his arrest, alleging five violations of the conditions of supervised release. Following a hearing, the district court found that Singleton had violated all five conditions. The court revoked release and imposed a five-month sentence of imprisonment, followed by a new sixty-seven month term of supervised release. Singleton now appeals, arguing that the evidence was insufficient to support revocation. We affirm.

On appeal, Singleton contends that the evidence was insufficient to establish that his alleged misconduct was intentional. He argues that the district court failed to consider the lack of evidence of his intent and instead took a strict liability approach to determining if he committed the charged violations. Finally, he asserts that he could not have committed two of the violations—failing to obey his probation officer's orders and failing to attend substance abuse

treatment—because the probation officer never ordered Singleton to begin or complete the treatment by a certain date.

On October 4, 2013, while this appeal was pending, Singleton was released from incarceration and began serving his new term of supervised release. We may address sua sponte whether an issue on appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted). Because Singleton has already served his term of imprisonment, there is no longer a live controversy regarding the district court's decision to impose an active prison sentence, and any challenge to that sentence is therefore moot. See United States v. Hardy, 545 F.3d 280, 283-84 (4th Cir. 2008). But because Singleton is serving a new term of supervised release, we retain jurisdiction to review the district court's revocation decision, the issue raised in this appeal.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke release, the district court must find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012). We review for clear error factual findings

3

underlying the conclusion that a violation of the terms of supervised release occurred. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

We conclude that the district court did not abuse its discretion in finding that Singleton committed at least four charged violations of the conditions of supervised release.[*] Viewed in the light most favorable to the Government, United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010), the probation officer's testimony established each of these offenses, and the district court did not abuse its discretion in so finding. Further, the record reveals no reason to conclude that the district court's sentencing determination might have been different had it found that Singleton had committed only four violations of the conditions of his supervised release.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED

---

[*] We need not resolve whether sufficient evidence supported the district court's finding that Singleton knowingly failed to appear for a scheduled drug test, as we are persuaded that sufficient evidence sustains the other four charged violations.

4