# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3358

_____

United States of America

*Plaintiff - Appellee*

v.

Heather Lynn Tolliver

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: February 8, 2016
Filed: February 11, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

While Heather Tolliver was serving a period of supervised release on a federal criminal sentence, her probation officer petitioned the district court[1] to revoke

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

supervised release based on several alleged violations of her release conditions. At a supervised-release revocation hearing, Ms. Tolliver admitted to some of the violations and denied others. After hearing the evidence, the district court found by a preponderance of the evidence that Ms. Tolliver had committed the contested violations. The court revoked supervised release, and sentenced her to 8 months in prison and two years of additional supervised release. On appeal, Ms. Tolliver argues that the court clearly erred in finding that she committed the contested violations.

Upon careful review, we find no basis to disturb the district court's findings. First, urinalysis test results support the finding that Ms. Tolliver failed to comply with substance-abuse testing by providing a "substituted" sample. See United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008) (discussing clear error review). Second, sweat-patch test results support the finding that Ms. Tolliver illegally used controlled substances and failed to truthfully answer her probation officer's inquiries about the drug use. Notably, sweat-patch testing is a generally reliable method of determining drug use, see United States v. Meyer, 483 F.3d 865, 869-70 (8th Cir. 2007), and the results of a hair-follicle test, without more evidence as to the method and sample used, did not discredit the sweat-patch test results, especially where the district court found credible the hearing testimony establishing that the sweat patches were not contaminated, see United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (credibility determinations are virtually unreviewable on appeal).

The judgment is affirmed, and we grant counsel leave to withdraw.

_____