United States Court of Appeals

For the Eighth Circuit

_____

No. 18-3112
_____

United States of America

*Plaintiff - Appellee*

v.

Clarence Duane Burnett

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 13, 2019
Filed: September 4, 2019
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

The district court[1] revoked Clarence Burnett's supervised release after finding that he lied to his probation officer. We affirm.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

As a condition of supervised release, Burnett had to seek permission from his probation officer before working, in large part because his prior conviction for obstructing justice involved hiding assets. Rather than comply with this requirement, however, Burnett decided to assist his mother with a major real-estate deal involving two buildings and then enter into a written agreement to renovate them. When his probation officer learned of these activities, he confronted Burnett, who "denied being actively involved."

The district court found that this statement was a lie. In doing so, it credited the probation officer's description of his conversations with Burnett. On this record, we have no reason to second-guess this "virtually unreviewable" credibility determination. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003). Nor is there any merit to the suggestion that Burnett answered truthfully when he denied being "actively involved" with his mother's business. After all, he helped negotiate a transaction worth more than one million dollars and then agreed to renovate two buildings—actions that can hardly be described as trivial. Once the court determined that Burnett failed to "answer truthfully all inquiries by [his] probation officer," it was entitled to revoke supervised release and return him to prison. *See* 18 U.S.C. § 3583(e)(3).

We accordingly affirm the judgment of the district court.

_____