# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2669
_____

United States of America

*Plaintiff - Appellee*

v.

Ivell M. Hagens

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 11, 2020
Filed: June 3, 2020
[Unpublished]
_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.
_____

PER CURIAM.

Ivell Hagens appeals the district court's[1] decision to revoke his supervised release. He pleaded guilty to being a felon in possession, and was sentenced to thirty months in prison, followed by thirty-six months of supervised release. He began supervision in 2015, but has had his supervision revoked twice. At each revocation he was sentenced to either imprisonment or a new period of supervised release or both. Hagens began his current period of supervision in June 2018. In January 2019, Hagens' former girlfriend called the police to report a domestic disturbance involving Hagens. Police responded to the call that evening and an officer's body camera video indicates that the victim told the officers that Hagens dragged her out of a car, struck her multiple times in the face with open and closed fists, and choked her with both hands. She reported that although she did not lose consciousness, she did have restricted breathing. A forensics team arrived on the scene and took photographs of the victim's injuries.

After Hagens was arrested and charged in state court with strangulation, the victim decided not to cooperate, and the county attorney dropped the charges. Nonetheless, Hagens' probation officer pursued the petition for revocation that was filed at the same time as the state charges, alleging that Hagens violated his conditions of supervised release by engaging in criminal conduct.

At the revocation hearing, one of the responding police officers testified for the government. The officer indicated that in addition to the video evidence, he personally observed that the victim had fresh scratches on her neck. The government also introduced the forensic photographs of these injuries. Hagens' probation officer testified about conversations she had with the victim regarding the assault and past domestic violence issues between Hagens and the victim. The victim, however, ostensibly testified *for* Hagens at the revocation hearing. She stated that while she did

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

call the police about an assault, she could not remember any specific details, and actually answered "I'm not sure," to many of the questions asked of her from both defense counsel and the prosecutor on cross-examination. Hagens testified on his own behalf and stated that while the two did have an argument, he denied assaulting his former girlfriend.

The district court credited the government witnesses and documentary evidence, and specifically found that the victim looked nervous and "afraid on a number of levels" while testifying. Thus, the court found the government had proved a violation by a preponderance of the evidence because the assault more than likely had occurred. The court sentenced Hagens to a year and a day in prison with no supervised release to follow.

On appeal, Hagens argues that the government did not meet its standard of proof because the alleged victim had a history of lying to police and did not specifically say that Hagens assaulted her on the night in question. The district court has the discretion to revoke supervised release if the government proves, by a preponderance only, that the defendant violated a condition of supervised release. United States v. Ahlemeier, 391 F.3d 915, 919 (8th Cir. 2004). At revocation hearings, factual findings are reviewed for clear error, and credibility determinations are virtually unreviewable. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

The district court did not abuse its discretion in revoking Hagens' supervised release. Although the victim claimed a faulty memory at the hearing, the district court observed her demeanor and found that she seemed frightened about testifying. At any rate, the government's testimonial and documentary evidence was more than enough to meet its burden to show that Hagens violated the conditions of supervision by engaging in criminal conduct. Accordingly, we affirm.

_____