# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-3604

_____

United States of America,

*Plaintiff - Appellee,*

v.

James Francis Miller,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: November 15, 2021
Filed: April 13, 2022
[Unpublished]

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

James Miller appeals a decision of the district court[1] revoking his supervised release and imposing sentence. The court found that Miller violated the conditions of his release by failing to participate in sex-offender treatment and failing to work regularly at a lawful occupation. The court sentenced Miller to nine months' imprisonment and imposed a life term of supervised release. Miller appeals, and we affirm.

In April 2013, Miller pleaded guilty to possession and receipt of materials involving the sexual exploitation of minors. The district court sentenced Miller to ninety-six months' imprisonment, followed by a life term of supervised release. The judgment included several conditions of supervised release. One standard condition provided that Miller must "work regularly at a lawful occupation, unless excused by the probation officer." A special condition, as modified in 2015, required Miller to (1) "undergo a psychological/psycho-sexual evaluation and follow up on all recommendations for treatment," (2) to "participate in psychological/psychiatric counseling and/or sex offender program, which may include inpatient treatment as approved by the probation officer," if recommended by the evaluation, and (3) to "abide by all rules, requirements, and conditions of such program."

In December 2019, Miller began his term of supervised release. He participated in a psychological and psycho-sexual evaluation, and the clinician recommended that Miller participate in a sex-offender treatment program. Miller commenced treatment, but the provider terminated his participation in August 2020. The termination letter explained that Miller "failed to make continual progress" in the

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

program, because he was "either unable or unwilling to identify thoughts, behaviors, emotions, or situations, that place [him] at risk to reoffend."

The probation office reported Miller's termination from the treatment program to the district court. After a hearing, the court found that Miller violated conditions of release by failing to abide by the requirements of the treatment program and by failing to maintain employment. The court revoked Miller's release, imposed a nine-month term of incarceration, and reimposed a life term of supervised release. In reimposing the term of supervised release, the court included special conditions requiring that Miller "participate in a sex offense-specific assessment" and "participate in a sex offense-specific treatment program and follow the rules and regulations of that program."

Miller first challenges the district court's findings that he violated the treatment and employment conditions of his supervised release. The government argues that the appeal is moot, because Miller has completed the term of incarceration, and the duration of his life term of supervised release was not affected by the revocation. We conclude that the appeal is not moot, because Miller is serving a term of supervised release that was imposed in the revocation judgment, and he challenges a condition of that supervised release. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *United States v. Wynn*, 553 F.3d 1114, 1119 (8th Cir. 2009).

On the merits, we conclude that the district court did not clearly err in finding that Miller violated the rules and requirements of the treatment program. The special condition required Miller to participate in a sex-offender treatment program and to abide by the program's requirements. The evidence showed that Miller's treatment center terminated his participation because he was "either unable or unwilling to identify" circumstances that place him at risk to reoffend. A clinician also reported that Miller was argumentative with program staff and uncooperative during treatment.

The court reasonably inferred that Miller was unwilling, rather than unable, to engage in treatment, and that he thus failed to participate in the program and abide by its requirements.

The court's finding that Miller failed to work regularly at a lawful occupation without an adequate excuse was also supported by the evidence. The probation officer testified that Miller did not apply for any job, failed to provide a business plan for proposed self-employment opportunities, and rejected a telemarketing job suggested by the officer. Miller claimed that he would have taken the telemarketing position but for another condition of release that forbade him to have communication with any person under the age of eighteen. The probation officer testified, however, that he advised Miller about the potential for "set, clear instructions and boundaries in writing to allow him to engage in an occupation that would expose him indirectly to minors potentially," yet Miller declined the employment opportunity despite the suggestion of written approval. The court thus did not err in crediting testimony that "all reasonable efforts were made to facilitate employment," and that Miller presented "no acceptable reasons" for his failure to work. Given the adequately supported findings that Miller violated two conditions of supervised release, the court did not abuse its discretion in revoking his release. *See United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

Miller also argues that the treatment condition in the 2015 judgment impermissibly delegated authority to his probation officer, and that the court erred by revoking his supervised release based on a violation of the condition. Miller's challenge to the 2015 condition, however, is an improper collateral attack on his underlying sentence, so we do not consider it. *See United States v. Miller*, 557 F.3d 910, 913 (8th Cir. 2009).

As to the judgment entered after the revocation, Miller challenges a revised special condition of supervised release regarding treatment. The condition provides

that Miller "must participate in a sex offense-specific treatment program," and that the probation officer "will supervise [his] participation in the program (provider, location, modality, duration, intensity, etc.)."

To impose a special condition of participation in a mental health program, including a sex-offender treatment program, the court must have reason to believe the party is in need of such treatment. *Kent*, 209 F.3d at 1076; USSG § 5D1.3(d)(5). The condition must be reasonably related to the factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, and involve no greater deprivation of liberty than is reasonably necessary. *See* USSG § 5D1.3(b); *United States v. Cramer*, 962 F.3d 375, 383 (8th Cir. 2020).

The district court reasonably concluded that sex-offender treatment was an appropriate condition of supervised release. Miller pleaded guilty to possessing and receiving large quantities of images and videos containing the sexual exploitation of minors. A psychological evaluation conducted in 2020 recommended that Miller undergo sex-offender treatment and explained why such treatment would be beneficial. The treatment program's clinicians opined that Miller was more likely to reoffend than a "typical non-offender," and that they had identified treatments to reduce his risk of reoffending. On this record, the district court did not abuse its discretion by imposing the special condition.

The judgment of the district court is affirmed.

_____