**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4245**

---

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CALVIN MANUEL,

               Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:04-cr-00848-PMD-1)

---

Submitted: January 4, 2011      Decided: February 25, 2011

---

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Manuel appeals from the district court's judgment revoking his supervised release and imposing an eight-month prison sentence, followed by two years of supervised release. Manuel's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the revocation of Manuel's release and the imposition of sentence was unreasonable. Although informed of his right to do so, Manuel has not filed a supplemental brief. The Government has also declined to file a brief. After a thorough review of the record, we affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We review factual determinations informing the conclusion that a violation occurred for clear error. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996) (finding district court's credibility determinations concerning evidence presented at a supervised release revocation hearing not reviewable on appeal).

2

Here, Manuel was charged with possession of cocaine base. The district court found Manuel's proffer that he did not know about the drugs in his car not credible. In addition, the court provided reasoning for its determination, and the facts supported the court's conclusion. In addition to the reasoning proferred by the Government and adopted by the court, a razor with cocaine residue was found on top of Manuel's phone in an open compartment in his car. Thus, we easily conclude that a preponderance of the evidence supported the district court's findings. The district court was, therefore, statutorily authorized to revoke supervised release and impose a prison term. 18 U.S.C. § 3583(e)(3).

Manuel next contends that his sentence was unreasonable. A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making this review, we "follow generally the procedural and substantive considerations that

3

[are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40. A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439.

When imposing sentence, the district court must provide individualized reasoning:

> The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. . . . Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a

4

district judge should address the party's arguments
and explain why he has rejected those arguments.

United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The
Carter rationale applies to revocation hearings; however, "[a]
court need not be as detailed or specific when imposing a
revocation sentence as it must be when imposing a
post-conviction sentence." United States v. Thompson, 595 F.3d
544, 547 (4th Cir. 2010).

Here, the district court considered Manuel's arguments
for home confinement and rejected them. The court explicitly
considered the Guidelines range as well as many of the statutory
factors that it was permitted to consider when arriving at a
sentence. In this regard, the court mentioned Manuel's
culpability and responsibility for the bind he was in, the need
to keep Manuel's sentence in line with others in the same
situation, the fact that Manuel's personal circumstances were
not out of the ordinary, and Manuel's unsatisfactory conduct
while on supervised release.

Moreover, Manuel faces a very heavy burden in
challenging his sentence. Even if he could show that his
sentence was unreasonable, he would still need to show that it
was plainly unreasonable. A sentence is "plainly unreasonable"
if it "run[s] afoul of clearly settled law." Thompson, 595 F.3d
at 549. Manuel has flatly failed to make such a showing. He

was sentenced at the bottom of his correctly calculated Guidelines range.

In accordance with <u>Anders</u>, we have examined the entire record in this case for meritorious claims and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Manuel in writing of his right to petition the Supreme Court of the United States for further review. If Manuel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Manuel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>